836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avery Nathaniel BRICE, Defendant-Appellant.
 No. 87-5585.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1987.
Decided Dec. 28, 1987.
 
 Timothy Hugh Graham (Dozier, Brackett, Miller, Pollard & Murphy on brief) for appellant.
 David Alan Graham, Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney on brief) for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant was convicted by a jury of robbing a branch of the First Citizens Bank and Trust on January 8, 1987, and of robbing a branch of the NCNB on January 15, 1987. Both branches are located in Charlotte, north Carolina. On appeal he raises three exceptions: (1) that his Fifth Amendment right against self-incrimination was denied him when the trial court required him to put on a hat and sunglasses, similar to the hat and sunglasses worn by the bank robber, and stand in front of the jury while the jury viewed surveillance photographs of the bank robber; (2) that the trial court erred in not instructing the jury that before it could consider fingerprints or palm prints as evidence of guilt, the jury must find that said prints were impressed at the time of the commission of the crime; and (3) that the trial court erred in not suppressing the defendant's incriminating statement made by him shortly after his arrest, because he was intoxicated at the time such statements were made and as a result any waiver of his rights was ineffective. We find no merit in any of these exceptions, and we affirm.
 
 
 2
 Prior to the defendant being required to wear a baseball cap and wire-rimmed sunglasses and appear before the jury, an evidentiary basis for conducting this demonstration was established by the testimony of the investigating FBI agent. In United States v. Turner, 472 U.S. 958, 959 (4th Cir.1973), a case in which the defendant was required to wear a wig and sunglasses allegedly similar to those worn by the robber was held:
 
 
 3
 We find that the demonstration did not violate Turner's right against selfincrimination, because the evidence adduced was real or physical and not testimonial or communicative.
 
 
 4
 Schmerber v. California, 384 U.S. 757 (1966).
 
 
 5
 Appellant contends that since the fingerprint experts called by the government testified that they could not give an opinion as to when the prints were impressed upon the articles at the bank, that he was entitled to a charge that the jury must find the prints were made at the time of the commission of the crime. Appellant has no authority for this position, but contends that it is consistent with his theory of defense. Appellant did not testify and there was no testimony presented that he had been in either of the banks for some innocent purpose prior to the robberies. Where there is absolutely no foundation to support a defense, the trial court is not required to charge on that defense.
 
 
 6
 Prior to trial the district judge conducted a suppression hearing as to the statements made by the defendant at the time of his arrest. At the conclusion of this hearing the court made specific findings of fact and concluded that the defendant made a voluntary and intelligent waiver of his rights at the time that he was interviewed by FBI agents immediately following his arrest. The trial judge found the testimony of the agents to be truthful and
 
 
 7
 testimony of defendant concerning his entire series of events and his demeanor in recounting them are not credible and appear to be a grasping attempt to prevent the admission into evidence of his inculpatory statements. These findings may only be disturbed on appeal if they are found to be clearly erroneous, which on the present record we cannot do.
 
 
 8
 AFFIRMED.